UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEPHEN E. HOOP | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-115-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | **MEMORANDUM OPINION** |
| and STANLEY BLACK & DECKER, INC. | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Stephen Hoop claims that the automatic doors at his local Wal-Mart store closed on him unexpectedly, causing him injuries. As a result, he asserts a premises liability claim against Wal-Mart and a products liability claim against Stanley Black & Decker in Clay Circuit Court to recover damages from these injuries. Hoop has sent some mixed signals, however, as to how much he seeks to recover in damages. Wal-Mart and Stanley removed the case, and the present issue before this Court is whether the amount in controversy is sufficient to support federal jurisdiction. Because the Court finds that Hoop's pre-removal stipulation in state court unequivocally limited the recovery in this case to an amount that is below the federal jurisdictional requirement, Hoop's motion shall be **GRANTED** and this case shall be **REMANDED** to Clay Circuit Court.

I

Hoop filed his complaint on May 4, 2011, but did not at that time provide specific information about the amount of damages he sought to collect as a result of his injuries. [R. 1-1 at 2-3]. On June 7, Hoop entered a stipulation into the state court record stating that he,

"stipulates and agrees that the amount in controversy herein is less than $75,000.00," and that he, "does not seek and will not accept, if awarded, any amount of $75,000.00, or greater." [R. 1-1 at 35]. However, on May 24, 2013, in response to interrogatories served by the Defendants, Hoop stated, "I intend to request $500,000.00 of the jury at the trial of this case." [R. 1-1 at 98]. During his deposition, he confirmed under oath that he was seeking this amount in damages. [R. 6-2 at 5]. Based on these assertions, Wal-Mart and Stanley removed the case to this Court on June 6, less than thirty days from the receipt of Hoop's interrogatory. [R. 1]. The next day Hoop filed his one-paragraph motion to remand, in which he referred to the previous stipulation that the amount in controversy was less than $75,000. [R. 4]. Later, after the motion to remand had been fully briefed, Hoop filed a supplemental interrogatory in the record, wherein he states that, "[w]hile Plaintiff feels that he was damaged in the amount of $500,000.00, he stipulated that the amount in controversy is less than $75,000 and he will not seek or accept any amount greater than $74,999.99 in this civil action." [R. 7]. Wal-Mart and Stanley have responded in opposition to this supplemental interrogatory, arguing that the relevant inquiry is the amount in controversy at the time of removal. As both of the arguments of the parties are now fully developed, this matter is now ripe for review.

II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). The removing defendant bears the burden of showing that removal was proper.

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be strictly construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

These basic rules seem simple enough, but the various strategic maneuvers employed by parties to secure a certain forum often give rise to interesting jurisdictional questions. It has long been noted that the plaintiff, as "master of the claim," is not only empowered to make the initial choice of forum, but may also take certain proactive steps to preclude removal from that forum. *Rogers*, 230 F.3d at 871 (citing *Gafford v. General Elec. Co.,* 997 F.2d 150, 157 (6th Cir.1993)). Nearly a hundred years ago, in *Iowa Central Ry. Co. v. Bacon*, a plaintiff claimed that he had been damaged in the amount of $10,000, but requested relief in the amount of $1,990, which was $10 shy of the $2,000 amount-in-controversy requirement in place at the time. 236 U.S. 305 (1915). In addressing the issue of subject matter jurisdiction, the Supreme Court stated, "[t]he prayer for recovery was for $1,990, and consequently the amount required to give jurisdiction to the Federal court was not involved. The filing of the petition and bond did not, therefore, effect a removal of the case." *Id.* at 310.

Later, in the seminal case of *St. Paul Mercury Indem. Co. v. Red Cab Co.*, the Supreme Court noted that, if the plaintiff, "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." 303 U.S. 283, 294 (1938). In discussing how this might be practically accomplished, the Court noted that, "an amendment in the state court

reducing the claim below the jurisdictional amount before removal is perfected is effective to invalidate removal and requires a remand of the cause." *St. Paul Mercury Indem. Co.*, 303 U.S. at 294 n. 25 (citations omitted).

However, a plaintiff's ability to secure his choice of forum, and even a defendant's ability to discover the amount in controversy, is more difficult in states like Kentucky, where the rules of civil procedure expressly limit the extent to which plaintiffs can articulate a specific dollar amount that they seek to recover. *See* Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ."). Further, Kentucky Rule of Civil Procedure 54.03 provides that, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings*." Ky. R. Civ. P. 54.03 (emphasis added). Thus, even if a plaintiff could indicate the amount of damages sought in his complaint, that would would serve as no guarantee to a defendant that the Kentucky courts would not ultimately award the plaintiff with a recovery in excess of that amount. In light of these rules, it is not surprising to find that Hoop's complaint is silent as to the specific amount of relief he seeks to recover.

A recent amendment to 28 U.S.C. § 1446 addresses the proper method to ascertain the amount in controversy in states where one or both of these procedural rules make that determination more difficult. When "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is appropriate if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a). 28 U.S.C. § 1446(c)(2)(B); *see*

*also*, *MacKenzie v. GGNSC Stanford, LLC*, CIV.A. 13-344-KSF, 2013 WL 6191853 at *2 (E.D. Ky. Nov. 26, 2013); *Proctor v. Swifty Oil Co., Inc.,* 2012 WL 4593409, *2 (W.D.Ky. Oct. 1, 2012). Thus, because the burden is on the defendants seeking removal, in order to defeat Hoop's motion to remand, Wal-Mart and Stanley must show by a preponderance of the evidence that the amount in controversy in this case exceeds this Court's jurisdictional minimum of $75,000.

Toward that end, Wal-Mart and Stanley indicate that Hoop admitted in his interrogatories that he "intend[ed] to demand or request $500,000.00 of the jury at the trial of this case." [R. 1-1 at 98]. Further, during his deposition, Hoop affirmed that he intended to seek $500,000 from the jury in this case. [R. 6-2 at 5]. There can be no doubt that such an admission would generally be sufficient to show that it is more likely than not that the plaintiff's claim meets the amount in controversy requirement. *See Sanford v. Gardenour*, 225 F.3d 659, 2000 WL 1033025, at *3 (6th Cir. 2000) (unpublished table decision) ("In fact, in their Rule 26 disclosures, they sought in excess of $500,000 in actual and punitive damages in federal court. Thus, by their own admission, their claim is worth more than the minimum jurisdictional amount.").

However, well before Hoop indicated that he would seek relief in the amount of half a million dollars, he filed a unilateral stipulation into the state court record that stated otherwise:

> Comes the Plaintiff, by and through counsel, and hereby stipulates and agrees that the amount in controversy herein is less than $75,000.00. Plaintiff does not seek and will not accept, if awarded, any amount of $75,000.00, or greater.

[R. 1-1 at 35]. This stipulation was signed by Hoop and filed by his counsel about a month after the entry of the complaint. The question at the heart of this matter is what is the effect of this unilateral, pre-removal stipulation? If by filing this stipulation in the record, Hoop legally bound himself to seeking and recovering relief in an amount below the federal jurisdictional requirement, his later statements to the contrary would seem to be irrelevant. That is to say, if

5

the stipulation made it so that he could not recover more than $74,999.99, then so long as the stipulation is in force, the amount that is actually in controversy in this action could not be shown to meet the jurisdictional requirements of this court.

The parties do not cite, nor has the court uncovered, a case in this district that directly addresses this issue. In the Eastern District of Kentucky, the discussion has focused primarily on post-removal stipulations, in which the plaintiff tenders his first stipulation concerning the amount of damages along with his motion to remand. The most prominent of those cases is *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990). In *Cole*, the plaintiff alleged outrageous conduct and defamation in a Kentucky state court, requesting an unspecified amount of relief. *Id*. at 1309. The defendant removed the case to federal court without any substantive indication that the requested damages exceeded the requisite jurisdictional minimum at the time. *Id*. (indicating that the nature of the information in the complaint was so limited that the amount could have only been based on "speculation" and the defendant had "no clue" as to the removability of the claim). After removal, the plaintiff filed a motion to remand, as well as a stipulation indicating that the damages would not exceed the federal amount-in-controversy requirement. *Id*. at 1307. Based on this stipulation, as well as the dearth of information in the record as to the amount in controversy, the court found jurisdiction lacking and remanded the case to state court. *Id.* at 1309. In light of *Cole*, courts in this district generally remand cases wherein the post-removal stipulation that relief does not exceed $75,000 is the first specific statement of the alleged damages and works to clarify the amount in controversy. *Manning v. State Farm Fire & Cas. Co.*, CIV.A. 10-352-KSF, 2011 WL 146391, at *2 (E.D. Ky. Jan. 18, 2011) ("As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the Stipulation of Damages is the first specific statement

of Manning's alleged damages in this case. Manning's stipulation, just as in *Cole,* did not change the information upon which State Farm relied; instead, the stipulation provided, *ab initio,* the specific damage amounts claimed."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009) ("the stipulation in *Cole* did not *reduce* the amount in controversy, but instead established it for the first time.").

In remanding cases under *Cole*, courts in this district have been clear that, while the stipulation can enable plaintiffs to demonstrate that they seek relief in an amount below $75,000, they are bound to that limited recovery upon their return to state court. In *Fenger v. Idexx Labs., Inc.*, Judge Forrester issued the following warning to the plaintiff:

> Since this Court has adopted the position urged by the plaintiff (i.e., that her damages are limited to $54,000) in granting the present motion, the plaintiff would be prevented from later taking an inconsistent position (i.e., that her damages are actually greater than $54,000). *See, e.g., Colston Investment Co. v. Home Supply Co.,* 2001 WL 705638 (Ky.Ct.App.) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

194 F. Supp. 2d 601, 605 (E.D. Ky. 2002); *See also*, *Ratliff v. Merck & Co., Inc.,* 359 F.Supp.2d 571 (E.D.Ky. March 3, 2005); *Bowling v. Ryan*, CIV.A. 6:05-331-DCR, 2005 WL 1875465 (E.D. Ky. July 29, 2005). Thus, post-removal stipulations made by plaintiffs in their motion to remand to clarify the amount in controversy for the first time, operate to bind those plaintiffs upon their return to state court.

Recently, the United States District Court for the Western District of Kentucky had occasion to consider a case in which the plaintiff had included formal stipulations limiting the amount in controversy in his complaint as well as in his motion to remand.[1] In *Spence v.*

---

[1] While the plaintiff in *Spence* filed two stipulations – one before and one after removal – the court appeared to apply the majority of its general analysis to both stipulations. *Spence*, 931 F. Supp. 2d at 782 ("the stipulations here resemble *Van Etten*.").

*Centerplate*, the court noted that plaintiffs are entitled to stipulate to a recovery below the minimum requirements of this Court, but they must do so in the form of an "unequivocal statement limiting damages." 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013). The court found that stipulations under consideration in *Spence*,[2] which are substantially similar to the one submitted by Hoop, were unequivocal and, as such, operated as "binding authority" on the plaintiff and made it so that the plaintiff "will be constrained to recovering an amount that is not to exceed $74,999." *Id*. *See also, Lovelace v. Stonebridge Life Ins. Co.*, 1:13-CV-000138-TBR, 2013 WL 5966729 (W.D. Ky. Nov. 8, 2013) (Noting that the court had recognized that "a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction.")). The court supported this conclusion by referencing prior Supreme Court discussions about stipulations:

> The United States Supreme Court determined that factual stipulations are "binding and conclusive ... and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez,* –– U.S. ––, 130 S.Ct. 2971, 2983, 177 L.Ed.2d 838 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made ... by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles,* –– U.S. ––, 133 S.Ct. 1345, 1348, 185 L.Ed.2d 439 (2013) (quoting 9 J. Wigmore, Evidence § 2588, 821 (J. Chadbourn rev. 1981)).

*Id*. Therefore, finding that the plaintiff was bound by his stipulations limiting recovery, the court remanded the case to state court.

---

[2] In his complaint, Spence stated that he, "expressly stipulates that the amount in controversy is less than $75,000 inclusive of punitive damages, attorney's fees, and the fair value of injunctive relief." *Spence*, 931 F. Supp. 2d at 780. In the stipulation tendered with the his motion to remand, the plaintiff expressly asserted that he "will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorney's fees, and the fair value of injunctive relief." *Id*. The court also cited to language that it had previously found to be binding and unequivocal: "The plaintiff, by counsel, hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." *Id*. at 782 (citing *Van Etten v. Boston Scientific Corp.,* 2009 WL 3485909 at *1(W.D.Ky. Oct. 23, 2009)). These stipulations are substantially similar to the language used in Hoop's stipulation.

Courts in other jurisdictions have directly addressed the impact of pre-removal stipulations and found that, if crafted properly, they can effectively bind the plaintiff to a recovery below the federal jurisdictional requirement, such that, if later removed, the case is properly remanded to state court. *See, e.g.*, *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 389 (5th Cir. 2009) (wherein the court noted that "a plaintiff must affirmatively waive the right to accept a judgment in excess of the jurisdictional amount in order for his pre-removal state-court stipulations to bind him."); *Adkins v. Wells Fargo Fin. W. Virginia, Inc.*, CIV A 5:09-CV-00405, 2009 WL 1659922, at *3 (S.D.W. Va. June 15, 2009) ("when a plaintiff files a unilateral stipulation with the intent to defeat federal jurisdiction, this Court's rule 'requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.' *McCoy v. Erie Ins. Co.,* 147 F.Supp.2d 481, 485 (S.D.W.Va.2001) (Haden, C.J.). 'The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief.' *Id.* at 486."); *Virden v. Altria Group, Inc.,* 304 F.Supp.2d 832, 847 (N.D.W.Va.2004) ("Therefore, absent a binding stipulation signed by Virden that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants have proven by a preponderance of the evidence that Virden's complaint seeks damages in excess of $75,000.").

Hoop's stipulation was entered into the state court record about a month after the filing of his complaint, well before discovery had taken place or a motion to remand had been filed. In his pre-removal stipulation, Hoop expressly stated that the amount in controversy was less than $75,000 and waived the right to accept an award equal to or greater than that amount. The stipulation was signed by Hoop and entered into the record by his attorney. In light of the aforementioned legal background, this Court finds that Hoop's stipulation was sufficiently

crafted to bind him to a recovery below the federal jurisdictional minimum requirement of $75,000.[3] As such, while it is troubling to the Court that Hoop later indicated in his discovery responses that he sought $500,000 from the jury, because the stipulation precluded him from recovering that amount, these statements are largely irrelevant. So long as Hoop's stipulation limiting him to a recovery of no more than $74,999.99 remains in force and actually so-limits his recovery, Wal-Mart and Stanley will be unable to show that this action meets the amount-in-controversy requirement.

Though the briefs of the parties are, regrettably, less than illuminating on this point, Wal-Mart and Stanley appear to argue that this conclusion is counter to the holding in the unpublished decision of *Hastings v. Allen*, Civ. Action No. 5:11-226-JMH, 2011 WL 6000853 (E.D.Ky November 30, 2011). However, that case is factually distinct from the one at hand. In *Hastings*, the plaintiff had initially stipulated to an amount of damages below the jurisdictional minimum, but later discovery revealed that she would seek a more substantial recovery. *Id*. at *1. Based on this discovery, the defendant removed the case to federal court. *Id*. Importantly, the plaintiff never filed a motion to remand. Instead, the plaintiff sought relief from the stipulation and leave to amend her complaint to a greater amount of damages than the amount to which she stipulated. *Id*. When the defendant objected to the motion for an amendment and relief from the stipulation, the court noted that, "manifest injustice would result by allowing the removal of this case and then artificially constricting the amount of damages available to the plaintiff based on the Complaint and Stipulation in these circumstances." *Id*. Thus, the court allowed the plaintiff to withdraw her stipulation and amend her complaint.

---

[3] The Court does not by way of this opinion seek to set forth a new judicially created rule, which establishes that a pre-removal stipulation crafted in a certain form always precludes removal. The Court simply finds Hoop's stipulation was sufficient to bind him under the present circumstances.

10

The differences between this case and *Hastings* are readily apparent. Here, the plaintiff has neither consented to removal nor affirmatively sought to withdraw the previously entered stipulation. In fact, Hoop's motion to remand and supplemental interrogatory expressly indicate his intention to stand by his original stipulation. As such, counter to the Defendants' representation, *Hastings* does not show that this Court must automatically remand a case in which subsequent discovery reveals damages in excess of the previously stipulated amount.

However, *Hastings* is useful to show that if circumstances arise under which Hoop is no longer bound by the stipulation or may somehow recover in excess of the jurisdictional minimum in spite of the stipulation, Wal-Mart and Stanley could re-remove the case to federal court at that time. *See Jester v. Kenco Logistics Servs., LLC*, 3:13-CV-385-S, 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013) (noting that "any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal."). Specifically, as demonstrated in *Hastings*, if the state court were to relieve Hoop of the limitations imposed by the stipulation, the barriers to removal in this case would no longer apply. Further, if Kentucky law were to evolve in such a manner that unilateral, pre-removal stipulations like the one filed by Hoop do not actually limit recovery, the removal analysis would need to be adjusted, just as it was to accommodate Kentucky Rule of Civil Procedure 54.03. Additionally, the Defendants could conceivably show that the stipulation is defective or not broad enough to cover all forms of recovery available to the plaintiff, such that the preponderance of the evidence suggests that the plaintiff could still recover amounts – for example, in attorney's fees or punitive damages – that would cross the amount-in-controversy threshold of this Court. However, as Wal-Mart and Stanley have made none of these showings, removal is not presently appropriate on any of these grounds.

Before leaving the issue of pre-removal stipulations, it important to note that this Court's conclusion is in no way inconsistent with the Sixth Circuit's decision in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 870 (6th Cir. 2000). In that case, the plaintiff filed a complaint stating that she sought to recover an amount "not exceeding $75,000." [4] *Id*. The Sixth Circuit found that removal was still appropriate because of a state procedural rule similar to the previously discussed Kentucky Rule of Civil Procedure 54.03. However, there is a significant difference between what the plaintiff in *Rogers* said in her complaint and what Hoop stipulated. Under the procedural rules of Kentucky, a complaint that seeks less than $75,000 in relief, still allows for recovery in excess of that amount. As discussed, a plaintiff's unequivocal pre-removal stipulation that he will neither seek nor accept an award in excess of $75,000 precludes him from doing so. Therefore, Hoop's motion for remand may be granted even if the corresponding motion of the plaintiff in *Rogers* was not.

It is also noteworthy that the post-removal stipulation limiting the damages sought by the plaintiff in *Rogers* is distinct from the one at issue here. In *Rogers*, the plaintiff not only limited the amount of recovery in her complaint, but also in the form of a post-removal stipulation. However, unlike the stipulation in *Cole*, this stipulation was not clarifying the amount in controversy for the first time, but seeking to reduce the amount of relief previously shown to be in excess of the federal jurisdictional minimum. *Id*. at 872; *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). As the stipulation at issue here was filed in the state court record and proactively limited the amount of recovery well in advance of removal, *Rogers* does not preclude remand in this case.

---

[4] The Tennessee plaintiff had originally filed her complaint in a Tennessee state court, expressly seeking relief in the amount of $950,000 in damages. After the defendant removed the case to federal court, the plaintiff voluntarily dismissed the claim without prejudice. *Id*. The referenced language was derived from a second complaint that was filed in state court about the same claim.

III

It is clear that Hoop intentionally decided that he would rather limit his recovery and litigate this case in state court, than have the opportunity to recover his full damages, but risk removal to federal court. There is nothing improper about this decision, as it is one that has been expressly sanctioned by the United States Supreme Court for over a hundred years. However, Hoop's ability to tether himself to state court was hampered by the state procedural laws, under which his recovery is not limited to the amount stated in his complaint, even if he could articulate a specific amount of relief sought. To address this issue, Hoop filed a signed, unilateral, pre-removal stipulation that proactively and unequivocally indicated that he would neither seek nor accept an amount greater than $74,999.99. Because Hoop's stipulation is legally binding, it allows him to do what was otherwise not possible under the procedural rules of Kentucky – constrain his recovery to an amount that is less than the federal jurisdictional minimum. The downside for Hoop is that he will be unable to recover the full amount of his damages – in this case that amounts to an alleged sacrifice of over $400,000. However, in so doing, he substantially reduced the circumstances under which Wal-Mart and Stanley could make a showing that the amount in controversy satisfies the minimum requirements for federal jurisdiction. Hoop's statements that he sought $500,000 would have almost certainly supported removal; however, as the stipulation made it so that he could not actually recover that amount, those statements are inapposite and do not assist the Defendants in meeting their burden of showing by preponderance of the evidence that the amount in controversy in this case merits federal jurisdiction. Accordingly, it is hereby **ORDERED** as follows:

(1)     Hoop's Motion [R. 4] is **GRANTED** and this case is **REMANDED** to Clay Circuit Court; and

(2)     This matter is **STRICKEN** from this Court's active docket.

This 31st Day of March, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge